# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

**JON OVERING**                                                    **PLAINTIFF**

**vs.**                                    **CIVIL ACTION NO.**  1:20cv327HSO-JCG

**M. V. ANODYNE, LLC**                                             **DEFENDANT**

## COMPLAINT

Plaintiff Jon Overing ("Overing" or "Plaintiff") files this Complaint and submits the following in support thereof:

## PARTIES

1.      Overing is an adult resident citizen of Mississippi, Jackson County.

2.      M. V. Anodyne, LLC ("M. V. Anodyne") is a Nevada corporation with its principal place of business believed to be in Florida.  The citizenship of the individual members of M. V. Anodyne is presently unknown, but it is not believed that any of the members are citizens of Mississippi. M. V. Overing is not qualified to conduct business in Mississippi but is subject to service of process on its corporate officers or other person authorized by law or appointment to accept process on its behalf.

## JURISDICTION AND VENUE

3.      This action is brought pursuant to 28 U.S.C. §§ 1332 and 2201.  Specifically, this is an action seeking a declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 and 2202. There is complete diversity of citizenship between the parties, and the amount in controversy in the arbitration to which M. V. Anodyne is seeking to bind Jon Overing, individually, and that which Jon Overing is seeking a declaratory judgment that he is not bound exceeds $75,000, exclusive of interest and costs.

4.      M. V. Anodyne is subject to personal jurisdiction in Mississippi pursuant to MISS. CODE ANN. § 11-1-57 based on its entering into a contract with a Mississippi corporation, Overing Group, LLC.  Specifically, the contract in which M. V. Anodyne entered contains the arbitration clause to which M.V. Anodyne now seeks to bind Jon Overing, individually, and to which Jon Overing is seeking a declaratory judgment that he is not bound.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(3).

## FACTS GIVING RISE TO THIS ACTION

6.      Jon Overing is, by profession, a naval architect.  He is a principal in Overing Group, LLC ("Overing Group"), a Mississippi limited liability company in good-standing which provides naval architecture services.

7.      On or about February 14, 2017, Overing Group, LLC entered into a "Yacht Design Agreement" with Defendant M. V. Anodyne.  The Agreement, a copy of which is attached hereto, provides the terms and conditions on which Overing Group, LLC was to provide design and consulting services for the re-fit and construction of a 110-foot motor yacht. *See* Agreement attached as Ex. "1".

8.      Disputes developed regarding the yacht's design, construction and sub-contractors as well as claims that M.V. Anodyne's corporate agent and company man engaging in commercial bribery kick backs, fraudulent billing, breach of fiduciary duties and array of other unsavory conduct which spurred a flurry of litigation in, for the most part, Florida state courts.

9.      On or about April 7, 2020, M. V. Anodyne served Overing Group, LLC with a Demand for Arbitration.  In its entirety, M.V. Anodyne alleged:

> "Professional negligence and professional malpractice in the performance of design and naval architectural services and project supervision resulting in damages to

Claimant."

*See* AAA Demand for Arbitration, attached as Ex. "2".

10.     M. V. Anodyne's April 7, 2020 Demand for Arbitration does not name Jon Overing,

individually, and as demonstrated Jon Overing, individually was not a party to the contract. M. V.

Anodyne's states that the "Dollar Amount of Claim" is $8,658,235.95.

11.     Working in conjunction with the AAA and its Commercial Arbitration Rules, the

parties–M.V. Anodyne and Overing group, LLC selected an arbitrator. Jon Overing was not a party

to that process.

12.     A scheduling order was entered by the Arbitrator.  Counsel for M. V. Anodyne advised

Overing Group's counsel that M. V. Anodyne intended to file an Amended Statement of Claim and

sought additional time, which was granted by agreement.

13.     Instead of filing an Amended Statement of Claim as represented and permitted, M. V.

Anodyne served Overing Group, LLC with requests for production of documents on August 21,

2020. Therein and with nothing more, M.V. Anodyne inserted the name of non-party "Jon Overing,

Individually" in the style of the discovery request. *See* Discovery, attached as Ex. "3".  This was the

<u>first</u> paper exchanged in connection with the arbitration that named Jon Overing in his individual

capacity.

14.      Thereafter, M.V. Anodyne submitted a witness list reflecting the *original* style of the matter

and *without* Jon Overing, individually. *See* M.V. Anodyne Witness List, attached as Ex. "4"

15.     Eventually with the passing of the deadline and extension to submit its Amended "Detailed"

Statement of Claim, Overing Group, LLC submitted its Answer and Counterclaim on October 2,

2020.

16.     In response thereto, on October 8, 2020, and well after the July 27, 2020 date set forth in the scheduling order, M.V. Anodyne submitted an Amended Statement of Claim, ignored the designation of the parties, *i.e.*, Claimant/Counter-Respondent, etc), added "Jon Overing individually" back to the caption as "Respondent(s)" and asserted a Third Party Complaint, presumably against Jon Overing, individually. *See* Amended Statement of Claim and Third Party Complaint, attached as Ex. "5".

17.     When inquires were made concerning the unusual manner by which M.V. Anodyne sought to bring Jon Overing, individually, into the Arbitration proceeding coupled with pointing out that: Jon Overing, individually, was not a party to the Arbitration (including the selection of the Arbitrator); was being improperly included on correspondences; had not ever been served; and, that Mr. Overing was not a party to the Agreement, counsel for M.V. Anodyne responded:

> If you look at the pleading filed today you will note it contains a third party claim against Mr. Overing individually. *You will also note the causes of action against him are not for breach of contract.*

*See* October 8, 2020, correspondence, attached as Ex. "6".

18.     The following day on October 9, 2020, M.V. Anodyne purportedly attempted to 'serve' Jon Overing, Individually, under AAA rules as if AAA had jurisdiction over Jon Overing. *See* Exhibit "7".

## CLAIMS

### Count I - Declaratory Judgment (28 U.S.C. § 2201)

19.     Jon Overing incorporates herein all prior and subsequent paragraphs by reference.

20.     There exists between the parties hereto a substantial, real and immediate legal controversy, requiring declaratory relief.  A declaratory judgment will provide conclusive relief between the

parties with respect to the matter in dispute, *viz,* whether Jon Overing, individually, is subject to and bound by the arbitration clause in the Yacht Design Agreement.

21.     The parties' controversy is within this Court's subject matter jurisdiction based on 28 U.S.C. § 1332.

22.     Jon Overing has standing under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201. He is being subjected to an untimely, back-door attempt to bind him to an arbitration clause in an agreement to which he is not a party in his individual capacity.  M. V. Anodyne admits that it is not pursuing or asserting claims against Jon Overing, Individually, under the terms of the Yacht Design Agreement.

23.     Jon Overing did not otherwise agree to submit a claim against him in his individual capacity to arbitration.  Consequently, Overing is not equitably estopped to deny that he is subject to the arbitration clause in the Yacht Design Agreement.

24.     While state contract law informs decisions on whether and to what extent Jon Overing may be compelled to arbitrate under the Yacht Design Agreement, the Federal Arbitration Act, 16 U.S.C. §§ 1, *et seq.* ultimately controls the outcome of whether Jon Overing may be compelled to arbitrate a dispute in his individual capacity.

25.     There is no state court action in which the issue of arbitrability and the enforcement of the arbitration clause in the Yacht Design Agreement is pending.

26.     Jon Overing is a Mississippi resident and, by filing this action in Mississippi, is not engaged in forum shopping.  All parties necessary to a determination of Overing's claims herein, including for declaratory relief, are present in this action and subject to personal jurisdiction in Mississippi.

27.     Because it entered into a contract with a Mississippi corporation, Overing Group, LLC and

is seeking $8,658,235.95 in damages from a Mississippi resident, Jon Overing in his individual capacity, Mississippi is not an inconvenient forum for M. V. Anodyne.

28.     This action will not result in piecemeal litigation of the issues and claims presented, and therefore judicial economy will not be disserved by this action proceeding.

29.     Moreover, while neither Overing Group nor Jon Overing were involved in (or are being accused) the scandalous, salacious and illegal conduct and money grab M.V. Anodyne's company man and corporate representative orchestrated and participate in, as a result of the same, M.V. Anodyne instituted multiple lawsuits after discovering its own corporate mischief and misdeeds and had multiple lawsuit filed against it related to Yacht project.  These suits, for the most part, are pending in Florida state court.

30.     Jon Overing seeks a declaratory judgment, finding, ordering and adjudging that he is not subject to or bound by the arbitration clause in the Yacht Services Agreement attached hereto and further that he is not required to participate as a party in his individual capacity in the AAA arbitration pending between M. V. Anodyne and Overing Group, AAA Case No. 01-20-0004-8725, and further that no award rendered in that proceeding is binding on Jon Overing, individually.

### Count II - Injunctive Relief

31.     Jon Overing incorporates herein all prior and subsequent paragraphs by reference.

32.     Jon Overing has no adequate remedy at law, injunctive relief will not disserve the public interest, and he is likely to prevail on the merits of his claims.

33.     Jon Overing seeks a preliminary and permanent injunction against M. V. Anodyne, prohibiting it from pursuing claims against him individually in the AAA arbitration pending between M. V. Anodyne and Overing Group, AAA Case No. 01-20-0004-8725.

**WHEREFORE PREMISES CONSIDERED**, Jon Overing respectfully requests that a judgment be entered in his behalf, declaring

a.  he is not subject to or bound by the arbitration clause in the Yacht Services Agreement attached hereto;

b.  he is not required to participate as a party in his individual capacity in the AAA arbitration pending between M. V. Anodyne and Overing Group, AAA Case No. 01-20-0004-8725; and

c.  that no award rendered in AAA Case No. 01-20-0004-8725 is binding on Overing, individually.

Jon Overing further respectfully requests that he be granted a preliminary injunction and a permanent injunction against M. V. Anodyne, prohibiting it from pursuing claims against him individually, in the AAA arbitration pending between M. V. Anodyne and Overing Group, LLC AAA Case No. 01-20-0004-8725.

Jon Overing requests that he be awarded attorneys fees and all costs of this action and such further relief to which the Court may find him entitled.

Respectfully submitted this 19th day of October, 2020.

Donna M. Meehan, MSB # 100484
COUNSEL    FOR    JON    OVERING,
Individually, *in this action*.

OF COUNSEL:
COSMICH SIMMONS & BROWN, PLLC
John D. Cosmich, MSB # 8353
100 Vision Drive, Suite 200 (39211)
Post Office Box 22626
Jackson, MS 39225-2626
T: 601.863.2100
F: 601.863.0078
E: cos@cs-law.com
     donna@cs-law.com